Nicholson, C. J.,
delivered the ’opinion of tire court:
The complainants in the several consolidated canses are creditors of B. Templeton. They file their bills against B. Templeton and his wife, E. 1VI. Templeton, to set aside a conveyance of a house and lot in Winchester, made by B. Templeton to his wife upon allegations of fraud, and to subject the same to their claims.
E. hi. Templeton, the wife, insists upon her right to the property, and proves by her own deposition that she was the owner of real and personal property worth several thousand dollars, in .Rutherford county, which descended to her in common with her brothers and sisters, from her father’s estate; that the land was partitioned, and that her husband and herself sold her portion to her brother, receiving about $1,100, which sale took place and the proceeds were received by her husband, under an agreement that he was to vest the money in buying a lot in Winchester. She proved that about 1850 her husband bought the lot in controversy, paying about $1,000 for it. Tbe same facts are proved substantially by Melissa Snell, a sister of E. M. Templeton. She says her sister, Mrs. Tem-pleton, had a separate estate derived from her father, Maj. Kirk; it consisted of land, negroes, and some money. She 'supposes the whole would amount in value to some six or seven thousand dollars. The agreement between them was, that Templeton was to buy her a house and lot in Winchester, and a negro gild for a nurse, with the proceeds of the land, and the balance, if any, he could take and use. *802 Sbe says it was a distinct agreement, and tbe bon.se and lot and negro girl were to be for ber own separate use.
It is shown bv other evidence that tbe bouse and lot were bought about 3852 by B. Templeton from one Davis, for about $1,105, and that tbe payment therefor was made in buggies, and not in money. Templeton bad a debt on a carriage maker, and in payment be took buggies, which be gave to Davis in payment for tbe bouse and lot. Tbe deed was made by Davis to Templeton, and tbe title so remained until 1810, when be conveyed tbe property to Ms wife, reciting in the deed that the consideration was, that he purchased and paid for tbe bouse and lot with tbe means belonging to his wife. At tbe time this conveyance was made, tbe several debts of complainants were in existence, but no liens by judgments or otherwise existed on tbe property.
It is clear that tbe prof fails to> make out a title in Mrs. Templeton by way of resulting trust; but whether we rer gard tbe evidence of Mrs. Templeton as in the case or not,, we think that of Mrs. Snell, which is uncontradicted, shows that Templeton received about $1,100 of bis wife’s means, derived from tbe sale of her land, upon tbe agreement that be was to invest tbe money in a bouse and lot. This money was affected with a trust in bis bands, and if be failed to use it in buying tbe bouse and lot, but appropriated it to bis business purposes, and used a like amount of Ms own means in paying for tbe lot, then be thereby made himself ber debtor to that amount. If sbe was a bona fide creditor, sbe has a right to retain tbe legal title to tbe bouse and lot for the satisfaction of ber claim. Tbe chancellor (Williamson) so held, and we affirm bis decree. It is proper to remark that Mrs. Templeton was not a competent witness, but we find that when her deposition was taken, it was done by consent of parties, notice, caption, and certificate being waived, and it was agreed that tbe deposition might be read in tbe cause.
*803 It appears however, that on the bearing, the reading of the deposition was objected to for incompetency, and that the objection was sustained and the deposition not considered. -The deposition, however, was regularly taken and filed, and as we infer was read.
"We incline to think the parties had waived any objection by agreeing when it was taken, that it might be read, no reservation being made. But, as already stated, we are of opinion that outside of this evidence the testimony of Mrs. Snell establishes satisfactorily the main facts on which the chancellor gave relief. The decree is affirmed with costs.